The majority in the present case erred in failing to give greater weight to the deposition testimony of Jerry L. Barron, M.D. As plaintiff's treating physician, Dr. Barron opined that plaintiff's shoulder symptoms were causally related to the February 1, 2000, motor vehicle accident. Nevertheless, the majority assigned little weight to Dr. Barron's opinion, finding that it was based upon an inaccurate history of the onset of the symptoms and consequences of the February 1, 2000, accident.
There is no dispute that Dr. Barron treated plaintiff two years after the February 2000 accident, and after plaintiff had been treated unsuccessfully by Dr. Winfield and examined once by Dr. DuPuy; however, the record does not support the majority's conclusion that Dr. Barron's opinion regarding the causality of plaintiff's left shoulder rotator cuff injury was based upon an inaccurate history. It is unclear whether Dr. Barron was privy to Dr. Winfield and Dr. DuPuy's medical records regarding plaintiff; however, there is nothing in those records to contradict Dr. Barron's findings. Dr. Winfield's notes show that plaintiff had "weakness in the left shoulder" upon examination. Dr. DuPuy did not make any findings in regard to plaintiff's left shoulder, but did not do any range of motion tests that would have possibly detected a rotator cuff injury. Moreover, during deposition, Dr. Barron was specifically asked whether plaintiff's shoulder problem (as reported in Dr. Winfield's notes) would be consistent with a rotator cuff injury:
 Q. And if Mr. Haynes had some difficulty actually using that left arm almost immediately with the time of that year 2000 injury, would that be consistent with a rotator cuff injury?
A. The answer is yes.
The evidence of record shows that Dr. Barron's opinion as to the causality of plaintiff's left shoulder rotator cuff injury does not contradict the prior records of plaintiff's treating and examining physicians, and is not based on an inaccurate history. Thus, the majority erred in failing to give greater weight to the opinion of Dr. Barron. Plaintiff should be awarded additional medical treatment, including treatment rendered by Dr. Barron, as may be required to provide relief, effect a cure, or lessen the period of disability pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25. For these reasons, I respectfully dissent.
This 3rd day of May 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER